UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YI SUN,

                      Plaintiff,

-v.-

HUGH H. MO; TSAI CHUNG CHAO; MAYOR ERIC LEROY ADAMS; THE LAW FIRM OF HUGH H. MO, P.C.; LI DA SUN; THE TOP ASIAN UNIFORMED NYPD OFFICERS, WHO ARE MEMBERS OF THE NYPD ASIAN-AMERICAN POLICE EXECUTIVES COUNCIL, AAPEX; NATURO-MEDICAL HEALTH CARE, P.C.; THE CITY OF NEW YORK; DET. STEVEN MATTHEWS; DET. BRYAN TROCKEL; DET. BRUNO VIDAL; SAM TSANG; DETECTIVE OR SUPERVISOR IN 72 PRECINCT; and LIEUTENANT TIMOTHY CAI,

                      Defendants.

24 Civ. 3630 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

Plaintiff Yi Sun ("Plaintiff"), who is appearing *pro se* in this action, has filed a motion for the Court's recusal. This Order addresses that motion. For the reasons set forth in the remainder of this Order, the Court denies the motion for recusal.

## BACKGROUND

Plaintiff originally filed the complaint in this action in the United States District Court for the Eastern District of New York on November 22, 2023. (Dkt. #1). On November 27, 2023, Plaintiff filed an amended complaint (the "Amended Complaint"). (Dkt. #4 ("AC")).[1] By order dated May 8, 2024, the

---

[1]     Plaintiff's Amended Complaint (Dkt. #4) is the operative pleading in this action.

Eastern District ordered that the case be transferred to this District, on account of the fact that

> Plaintiff has [previously] raised many of the same claims against several of the same defendants in three separate cases before the Southern District. *Compare* [the Amended Complaint] *with Sun* v. *Chao*, No. 19 Civ. 00017 (ALC), 2019 WL 13489918 (S.D.N.Y. Jan. 18, 2019); *Yi Sun* v. *New York City Police Dep't*, No. 18 Civ. 11002 (LTS), 2020 WL 4530354 (S.D.N.Y. Aug. 6, 2020); *Yi Sun* v. *Saslovsky*, No. []19 Civ. 10858 (LTS), 2020 WL 6828666 (S.D.N.Y. Aug. 6, 2020).

(Dkt. #11). On May 10, 2024, the case was transferred into this Court (*see* Dkt. #12), and on July 30, 2024, it was reassigned from Judge Arun Subramanian to the undersigned (*see* July 30, 2024 Minute Entry).

By order dated May 14, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (Dkt. #14). The Court construes the Amended Complaint as asserting claims under 42 U.S.C. § 1983, *Bivens* v. *Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), and state law.

On August 2, 2024, this Court (i) dismissed Plaintiff's claims against the NYPD; (ii) dismissed, on the merits, Plaintiff's claims under Section 1983 that the Court previously adjudicated and that are not possibly eligible for revival under New York's Adult Survivors Act ("ASA"),[2] on account of issue preclusion; (iii) dismissed Plaintiff's claims under *Bivens* against Chief Judge Swain, Judge Carter, Magistrate Judge Netburn, and Circuit Judge Chin, as well as her

---

[2] Claims possibly eligible for such revival include those under Section 1983 against individual NYPD personnel arising from allegations of sexual abuse.

2

claims under Section 1983 against Kathy Hirata Chin, Esq., Justice Carmen Victoria St. George, and Justice Norman St. George; (iv) dismissed Plaintiff's claims under Section 1983 against Mayor Adams and against the AAPEX Officers, but without prejudice to Plaintiff's amending her complaint as to those claims; (v) directed service on the remaining identified and existing Defendants whose service addresses are discernable (Detective Trockel, Detective Vidal, Police Officer Tsang, Lieutenant Cai, Mo, Mo's law firm, Chao, Naturo, and the City of New York); and (vi) directed the Law Department of the City of New York to provide Plaintiff and the Court with the identity, shield number, and service address of the unidentified police Defendant ("the fifth policeman, who was the detective or supervisor in 72 precinct") (AC at 6), as well as the service address of the Estate of Detective Matthews (*see id.* at 7), and directed Mo to provide Plaintiff and the Court with the service address of his client, Li Da Sun (Plaintiff's ex-husband). (Dkt. #16).

On August 16, 2024, Plaintiff filed the instant motion, which the Court broadly construes as requesting the Court's recusal pursuant to Sections 144 and 455 of Title 28. (*See* Dkt. #19, 20, 21, 23).[3] The Court understands Plaintiff to proffer the following basis for the Court's recusal: the Court "is prejudiced against [] Plaintiff" and therefore "[Plaintiff] believes that [Plaintiff]

---

[3]     Plaintiff's motion requests that the Court allow her to use a "peremptory challenge[] provided by 28 U.S.C. § 1870." (Dkt. #19). Peremptory challenges can be used during a trial to exclude a potential juror, but not to recuse a particular judge from a case. *See* 28 U.S.C. § 1870.

cannot have a fair and impartial 'trial or hearing' before this Judge[]." (Dkt. #20 ¶¶ 2-3).

## APPLICABLE LAW

Section 455(a) of Title 28 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Subsection (b) of this statute further requires a judge to recuse herself (i) "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," or (ii) "[w]here [s]he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." *Id.* § 455(b)(1), (3). Section 144 of Title 28 further provides that a judge shall not proceed in a matter in which he or she "has a personal bias or prejudice either against [the plaintiff] or in favor of any adverse party." 28 U.S.C. § 144.

Section 455 "sets out an objective standard for recusal, creating the so-called 'appearance of justice' rule." *DeLuca* v. *Long Island Lighting Co.*, 862 F.2d 427, 428 (2d Cir. 1988) (internal citation omitted); *see also ISC Holding AG* v. *Nobel Biocare Fin. AG*, 688 F.3d 98, 107 (2d Cir. 2012) ("This provision is to 'be evaluated on an *objective* basis, so that what matters is not the reality of bias or prejudice but its appearance.'" (quoting *Liteky* v. *United States*, 510 U.S. 540, 548 (1994)). Under that test, the court asks: "Would a reasonable

4

person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" *United States* v. *Bayless*, 201 F.3d 116, 126 (2d Cir. 2000) (quoting *Diamondstone* v. *Macaluso*, 148 F.3d 113, 120-21 (2d Cir. 1998)).

"The [Second Circuit] has cautioned that ... the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality." *Barnett* v. *United States*, No. 11 Civ. 2376 (LAP), 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012) (internal quotation marks omitted) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)). More fundamentally, where the standards governing disqualification are *not* met, "disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d at 201; *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse [herself] when it is not called for as [s]he is obliged to when it is."). Were it otherwise, recusal motions would become a tool for "judge-shopping" and "impeding the administration of justice." *In re Martin-Trigona*, 573 F. Supp. 1237, 1243 (D. Conn. 1983). And Section 455 "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice." *United States* v. *Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Finally, "[r]ulings adverse to a party are not regarded in and of themselves as evidence of such bias or prejudice as would require recusal."

5

*Bishop* v. *United States*, No. 04 Civ. 3633 (CSH), 2004 WL 1497690, at *1 (S.D.N.Y. July 1, 2004).  As the Supreme Court has observed:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States* v. *Grinnell Corp.*, 384 U.S. [563, 583 (1966)], 86 S. Ct., at 1710.  In and of themselves (i.e., apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They may do so if they reveal an opinion that derives from an extrajudicial source; and they will do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky*, 510 U.S. at 555; *accord Doe* v. *E. Lyme Bd. of Educ.*, 962 F.3d 649, 666 n.21 (2d Cir. 2020).

## ANALYSIS

The Court now addresses Plaintiff's recusal argument.  Plaintiff claims that this Court "is prejudiced against [] Plaintiff" and therefore "[Plaintiff] believes that [she] cannot have a fair and impartial 'trial or hearing' before this Judge[]."  (Dkt. #20 ¶¶ 2-3). Plaintiff has provided no reasoning to support this claim, and therefore has not established that this Court "has a personal bias or

6

prejudice either against [Plaintiff] or in favor of any adverse party." 28 U.S.C. § 144. Here, the standards governing disqualification are *not* met, and therefore, "disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d at 201.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion. The Clerk of Court is directed to terminate the motion at docket entry 19, and to mail a copy of this Order to Plaintiff at her address of record.

SO ORDERED.

Dated: September 18, 2024
      New York, New York

                                      KATHERINE POLK FAILLA
                                      United States District Judge