UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YI SUN,<br><br>        Plaintiff,<br><br>      -v.-<br><br>HUGH H. MO; TSAI CHUNG CHAO; MAYOR ERIC LEROY ADAMS; THE LAW FIRM OF HUGH H. MO, P.C.; LI DA SUN; THE TOP ASIAN UNIFORMED NYPD OFFICERS, WHO ARE MEMBERS OF THE NYPD ASIAN-AMERICAN POLICE EXECUTIVES COUNCIL, AAPEX; NATURO-MEDICAL HEALTH CARE, P.C.; THE CITY OF NEW YORK; DET. STEVEN MATTHEWS; DET. BRYAN TROCKEL; DET. BRUNO VIDAL; SAM TSANG; DETECTIVE OR SUPERVISOR IN 72 PRECINCT; and LIEUTENANT TIMOTHY CAI,<br><br>        Defendants. | 24 Civ. 3630 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

  Plaintiff Yi Sun ("Plaintiff"), who is appearing *pro se*, originally filed the complaint in this action in the United States District Court for the Eastern District of New York on November 22, 2023. (Dkt. #1). On November 27, 2023, Plaintiff filed an amended complaint (the "Amended Complaint"). (Dkt. #4 ("AC")).[1]

  On September 18, 2024, Defendant City of New York (the "City") requested that the Court compel Plaintiff to provide the City with a § 160.50 unsealing release and grant the City an enlargement of time to respond to the

---

[1]   Plaintiff's Amended Complaint (Dkt. #4) is the operative pleading in this action.

Amended Complaint.  (Dkt. #24).  The City explained that an executed § 160.50 release would be necessary for the City to conduct its investigation into Plaintiff's allegations, and that it had sent copies of the relevant release to Plaintiff in March, April, July, and September 2024.  (*Id.*)  The City represented that Plaintiff had refused to return the executed release pending her motion for a new judge.  (*Id.*)  The Court granted the City's request and ordered Plaintiff to provide the City with an executed § 160.50 release on or before October 11, 2024.  (Dkt. #28).

On October 25, 2024, the City informed the Court that Plaintiff had failed to comply with the Court's Order.  (Dkt. #49).  The Court again ordered Plaintiff to provide the City with an executed § 160.50 release on or before November 22, 2024.  (Dkt. #50).  The Court cautioned Plaintiff that the Court would consider sanctions, including dismissal of the case, if Plaintiff continued to fail to comply with Court Orders.  (*Id.*).

On November 22, 2024, the City represented that Plaintiff still had not provided the executed § 160.50 release.  (Dkt. #59).  The Court again issued an Order directing Plaintiff to do so, and reminded Plaintiff that the case could be dismissed for failure to do so.  (Dkt. #60).

Finally, on December 19, 2024, Defendant City informed the Court that Plaintiff still has not complied with the Court's Orders, nor has Plaintiff requested an extension of time to comply with those Orders.  (Dkt. #66).  The City accordingly requested that the Court dismiss Plaintiff's claims.

Courts may dismiss an action due to a plaintiff's failure to comply with court orders. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (recognizing federal courts' inherent authority to dismiss for the same reasons). A district court considering such a dismissal must weigh five factors:

> [i] [T]he duration of the plaintiff's failure to comply with the court order, [ii] whether plaintiff was on notice that failure to comply would result in dismissal, [iii] whether the defendants are likely to be prejudiced by further delay in the proceedings, [iv] a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and [v] whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste* v. *Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas* v. *Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). No single factor is dispositive. *Nita* v. *Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

Each of the five factors articulated in *Baptiste* supports dismissal of this action. Plaintiff has consistently failed to comply with the Court's Orders to provide the executed § 160.50 release. This pattern of non-compliance has persisted despite the Court's repeated and explicit notices that failure to meet court-ordered deadlines would result in dismissal. (*See* Dkt. #50, 60). Further, the defendants are likely to be prejudiced by further delay in the proceedings because Defendant City cannot adequately answer the Amended Complaint without the executed release, and Plaintiff has been granted *months* to provide the release. In considering the Court's interest in managing its

docket versus Plaintiff's interest in receiving a fair chance to be heard, the Court again notes that Plaintiff has had multiple opportunities to comply with the § 160.50 release, has not complied with those Orders, and has, over the past four months, only interacted with the case by filing motions for the Court's recusal. (*See* Dkt. #19, 41). And finally, the Court has considered — and attempted to implement — less drastic sanctions in the form of warnings. Those admonitions had no effect on Plaintiff's behavior in this litigation. The Court has generously provided Plaintiff with warnings and deadline extensions. That generosity has reached its limit. It is finally time for this case to come to an end.

Accordingly, the Court DISMISSES this action with prejudice. The Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff at her address of record.

SO ORDERED.

Dated: December 26, 2024
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge