UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YI SUN,

      Plaintiff,

-v.-

HUGH H. MO; TSAI CHUNG CHAO; MAYOR ERIC LEROY ADAMS; THE LAW FIRM OF HUGH H. MO, P.C.; LI DA SUN; THE TOP ASIAN UNIFORMED NYPD OFFICERS, WHO ARE MEMBERS OF THE NYPD ASIAN-AMERICAN POLICE EXECUTIVES COUNCIL, AAPEX; NATURO-MEDICAL HEALTH CARE, P.C.; THE CITY OF NEW YORK; DET. STEVEN MATTHEWS; DET. BRYAN TROCKEL; DET. BRUNO VIDAL; SAM TSANG; DETECTIVE OR SUPERVISOR IN 72 PRECINCT; and LIEUTENANT TIMOTHY CAI,

      Defendants.

24 Civ. 3630 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

  Plaintiff Yi Sun ("Plaintiff" or "Ms. Sun"), who is appearing *pro se*, has filed a third motion to stay the Court's December 26, 2024 Order.[1] (*See* Dkt. #74).

  As described in the December 26, 2024 Order, Defendant City of New York (the "City") requested that the Court compel Plaintiff to provide the City with a § 160.50 unsealing release, which was necessary in order for the City to conduct its investigation into Plaintiff's allegations, and copies of which had

---

[1] The December 26, 2024 Order dismissed the action due to Ms. Sun's continued failure to comply with Court orders. (Dkt. #67).

been sent to Plaintiff in March, April, July, and September 2024. (Dkt. #67 at 1-2). The Court repeatedly ordered Ms. Sun to provide the executed release to the City, so that the case could proceed. (Dkt. #28, 50, 60). The Court cautioned Ms. Sun that continued failure to comply with the Court's orders would result in sanctions, including dismissal of the case. (Dkt. #50, 60). Ms. Sun did not at any point represent to the Court why she would not provide the release or that she needed an extension of time to do so and ultimately did not provide the release. Having attempted to implement less drastic sanctions to no avail, the Court dismissed the case. (Dkt. #67).

On January 6, 2025, Plaintiff asked that the Order dismissing the case be stayed, and alleged that the Court issued the "self-serving" Order because the Court is prejudiced against Ms. Sun. (Dkt. #68 at 2). In response, the Court reiterated, as it has in past orders, that (i) Ms. Sun has provided no reasoning to support her claim that this Court is prejudiced against Plaintiff and (ii) the Court has no such personal bias or prejudice against Ms. Sun and dismissed the action because of Ms. Sun's repeated failure to comply with Court orders that were necessary to the continued prosecution of the case. (Dkt. #70).

On February 27, 2025, Plaintiff again sought a stay of the Order dismissing the case. (Dkt. #71-72). Ms. Sun claimed that the dismissal of this case was "rigged" and that this Court "used her power" to "cover-up the case information." (Dkt. #71 at 2, 4). Ms. Sun did not provide any support for those claims. In response, the Court again reiterated that the Court has no personal

bias or prejudice against Ms. Sun and this action was dismissed because of Ms. Sun's repeated failure to comply with Court orders. (Dkt. #73). The Court denied the motion. (*Id.*).

Most recently, Ms. Sun has filed an "emergency motion or order to show cause for temporary restraining order to stay last order(s) etc[.]" (Dkt. #74 at 1). Ms. Sun again claims that there has been "an abuse of power (by the Defendant-Judge) to retaliate against the litigant." (*Id.* at 2). The Court, a third time, reiterates that the case was dismissed, not for some nefarious reason, but because Ms. Sun repeatedly failed to comply with the Court's orders, such that the case could not move forward. Accordingly, the Court DENIES Ms. Sun's motion.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address of record and to terminate the pending motion at docket entry 74.

SO ORDERED.

Dated: May 8, 2025
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge