UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| YI SUN,<br><br>      Plaintiff,<br><br>    -v.-<br><br>HUGH H. MO; TSAI CHUNG CHAO; MAYOR ERIC LEROY ADAMS; THE LAW FIRM OF HUGH H. MO, P.C.; LI DA SUN; THE TOP ASIAN UNIFORMED NYPD OFFICERS, WHO ARE MEMBERS OF THE NYPD ASIAN-AMERICAN POLICE EXECUTIVES COUNCIL, AAPEX; NATURO-MEDICAL HEALTH CARE, P.C.; THE CITY OF NEW YORK; DET. STEVEN MATTHEWS; DET. BRYAN TROCKEL; DET. BRUNO VIDAL; SAM TSANG; DETECTIVE OR SUPERVISOR IN 72 PRECINCT; and LIEUTENANT TIMOTHY CAI,<br><br>      Defendants. | 24 Civ. 3630 (KPF)<br><br>**ORDER** |

KATHERINE POLK FAILLA, District Judge:

  In an order dated June 26, 2025 (Dkt. #80), the Court denied Plaintiff's fifth attempt to undo the Court's December 26, 2024 order dismissing the case with prejudice for failure to comply with numerous Court orders (the "Dismissal Order" (Dkt. #67)). Plaintiff's efforts include an emergency motion for a temporary restraining order to stay the Dismissal Order (Dkt. #68 (January 7, 2025 motion), 70 (January 28, 2025 order denying motion)); tandem motions to stay the Dismissal Order, to petition for "Judicial duel/Combat," and to transfer the case (Dkt. #71 (February 27, 2025 motion to stay and petition), 72 (February 27, 2025 "Notice of 'Order of Transfer'"), 73

(April 7, 2025 order denying motions)); a second motion for a temporary restraining order to stay the Court's Dismissal Order (Dkt. #74 (May 5, 2025 motion), 75 (May 8, 2025 order denying motion)); a third motion for a temporary restraining order to stay the Court's Dismissal Order (Dkt. #77 (May 18, 2025 motion), 78 (May 21, 2025 order denying motion)); and a fourth motion for a temporary restraining order to stay the Court's Dismissal Order (Dkt. #79 (June 19, 2025 motion), 80 (June 26, 2025 order denying motion)). In the last of these orders, the Court warned Plaintiff that "further improper conduct, including the filing of additional meritless motions, may result in an order barring her from filing new actions without prior permission." (Dkt. #80 at 4).

On July 25, 2025, the Court docketed a July 24, 2025 motion from Plaintiff for an extension of time to file her notice of appeal. (Dkt. #81). As an attachment to her motion, Plaintiff includes a proposed Notice of Appeal, which purposes to appeal from judgments and orders entered "between August 2, 2024, an June 26, 2025." (*Id.* at 4). For the reasons set forth in the remainder of this Order, the Court denies Plaintiff's motion.

The Court begins by noting that because of Plaintiff's *pro se* status, it has construed her claims liberally to raise the strongest arguments they permit. *See Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that solicitude afforded to *pro se* litigants can take a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment

2

of pleadings, leniency in the enforcement of other procedural rules, and deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)).  That said, "solicitude for *pro se* litigants does not require [courts] to excuse failure to comply with understandable procedural rules and mandatory deadlines."  *Kotler* v. *Jubert*, 986 F.3d 147, 156 (2d Cir. 2021); *accord In re Ditech Holding Corp.*, No. 23-7462, 2024 WL 4502003, at *1 (2d Cir. Oct. 16, 2024) (summary order).

Generally speaking, Rule 4 of the Federal Rules of Appellate Procedure requires a party to file a notice of appeal "within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  Rule 4(a)(4) allows for this deadline to be extended if a party files one of a specified list of motions within the relevant time period.[1]  Separately, the Second Circuit has found that an appeal from an order denying a timely motion for reconsideration

---

[1]    *See* Fed. R. App. P. 4(a)(4):

    (4) Effect of a Motion on a Notice of Appeal.

    (A) If a party files in the district court any of the following motions under the Federal Rules of Civil Procedure — and does so within the time allowed by those rules — the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

    (i) for judgment under Rule 50(b);

    (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;

    (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;

    (iv) to alter or amend the judgment under Rule 59;

    (v) for a new trial under Rule 59; or

    (vi) for relief under Rule 60 if the motion is filed within the time allowed for filing a motion under Rule 59.

"suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made." *"R" Best Produce, Inc.* v. *DiSapio*, 540 F.3d 115, 121 (2d Cir. 2008); *accord Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 52 (2d Cir. 2019) ("We generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment.").

Plaintiff did not timely appeal from the Court's December 26, 2024 Dismissal Order. What is more, even if the Court were to interpret Plaintiff's January 7, 2025 motion to stay the Court's decision as a timely-filed motion for reconsideration, and thus a potential basis for extending the deadline under Fed. R. App. P. 4(a)(4), Plaintiff did not timely appeal from the Court's January 28, 2025 order denying that motion. Put simply, Plaintiff cannot simply restart the Rule 4(a)(1) clock by filing sequential motions to stay, in the hopes that the Court will construe them as sequential motions for reconsideration. *See Glinka* v. *Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) ("Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments."); *accord In re Amelio*, 857 F. App'x 665, 666 n.1 (2d Cir. 2021) (summary order) ("The district court held that it had jurisdiction to consider Amelio's appeal from the conversion order because the filing of a successive Fed. R. Bankr. P. 9023 motion tolled the time to file a notice of appeal. We disagree." (internal

4

citations omitted) (collecting cases)); *In re Buckskin Realty, Inc.*, 845 F. App'x 68, 70 (2d Cir. 2021) (summary order) (finding untimely notice of appeal filed within fourteen days of the Bankruptcy Court's denial of a second motion for reconsideration); *cf. Ren Yuan Deng* v. *N.Y. State Off. of Mental Health*, 783 F. App'x 72, 73 (2d Cir. 2019) (summary order) ("Deng's motions to extend the time to file a Rule 60(b) motion cannot be construed as notices of appeal (or requests to extend the time to appeal), because nothing in those motions demonstrated an intent to appeal.").

Nor can Plaintiff take solace in the *"R" Best Produce, Inc.* and *Buskirk* line of cases. Unlike those cases, Plaintiff's motions to stay do not in fact renew substantive or procedural arguments previously made to the Court, but rather propagate false accusations of corruption and prejudice on the part of several judges of this Court. Accordingly, absent an extension of time to file her notice of appeal, Plaintiff's appeal would be untimely and the Second Circuit would be without jurisdiction to hear it. *See Bowles* v. *Russell*, 551 U.S. 205, 209 (2007) (holding that timely appeal requirement is "mandatory and jurisdictional" (internal quotation marks omitted)).

Federal Rule of Appellate Procedure 4(a)(5) allows courts to extend the deadline within which a party may file a notice of appeal in certain circumstances:

> (5) Motion for Extension of Time.
>
> (A) The district court may extend the time to file a notice of appeal if:

>   (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
>
>   (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.
>
>   (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be *ex parte* unless the court requires otherwise.  If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

Fed. R. App. P. 4(a)(5).  Considering Plaintiff's application first under Rule 4(a)(5)(A)(i), the Court finds that Plaintiff is far beyond the 30-day grace period to file a motion for extension to appeal either the Court's December 26, 2024 Dismissal Order or its January 28, 2025 order denying her first motion to stay, and thus denies her motion to extend on that basis.

Further, the Court does not find that Plaintiff has established "excusable neglect or good cause" for her failure to file an appeal from either of the Court's prior orders, as required by Rule 4(a)(5)(A)(ii).  Plaintiff was plainly aware of both orders at or about the time of their issuance, as demonstrated by her responsive submissions.  Her current claims of (i) injury to her shoulder, neck, and back, and consequent limitation of her range of motion, and (ii) "uninhabitable and unsafe" conditions in her apartment, in the form of "electrical leakage" from an appliance, do not suffice to constitute excusable neglect or good cause.  (*See* Dkt. #81).  As the Second Circuit has explained:

>   "The good cause and excusable neglect standards have 'different domains'" and are "not interchangeable." Fed. R. App. P. 4(a)(5) Advisory Committee's Notes to 2002 Amendments (quoting *Lorenzen* v. *Emps. Ret. Plan*, 896

6

>F.2d 228, 232 (7th Cir. 1990)). "The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant." *Id.* The "good cause" standard, in contrast, "applies in situations in which there is no fault — excusable or otherwise," such as when "the Postal Service fails to deliver a notice to appeal." *Id.* (emphasis added). In no-fault circumstances, "good cause" is the appropriate standard because "[i]t may be unfair to make ... a movant prove that its 'neglect' was excusable, given that the movant may not have been neglectful at all." *Id.* To establish good cause, the movant must therefore show that "the need for an extension is ... occasioned by something that is not within the control of the movant." *Id.*

*Alexander* v. *Saul*, 5 F.4th 139, 147 (2d Cir. 2021), *cert. denied sub nom.*

*Alexander* v. *Kijakazi*, 142 S. Ct. 1461 (2022).

Working in reverse order, the Court finds that an unidentified faulty appliance is in no way analogous to the failure of the Postal Service to deliver mail, and cannot suffice to demonstrate good cause for Plaintiff's failure to file a notice of appeal. And while the Court is sympathetic to Plaintiff's medical issues, she acknowledges that the limitation of motion of which she now complains has persisted over a "few months," during which time, the Court observes, Plaintiff was an active filer in this case.[2] In addition, Plaintiff references a "plan for surgery" that was formulated during a doctor's appointment on July 17, 2025, but no other medical interventions during the relevant time period that would have excused her failure to file a timely notice of appeal.

---

[2] Indeed, Plaintiff's ability to file so many motions in this case after the entry of the Dismissal Order confirms her contemporaneous ability to file a notice of appeal.

7

For all of these reasons, the Court denies Plaintiff's request for an extension of time to file a notice of appeal. Additionally, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to mail a copy of this Order to Plaintiff at her address of record.

    SO ORDERED.

Dated:  August 25, 2025
          New York, New York

                                        KATHERINE POLK FAILLA
                                        United States District Judge